No. 30,649.

WILLIAM H. BENEKE, *Appellee*, v. THE BANKERS MORTGAGE COMPANY et al., *Appellants*.

(12 P. 2d 785.)

Opinion denying a rehearing filed July 9, 1932. (For original opinion of affirmance see 135 Kan. 444, 10 P. 2d 825.)

*N. J. Ward, J. A. Fleming, Frank E. Holder* and *Mary H. Koger*, all of Topeka, for the appellants.

*Harry C. Bowman*, of Newton, *S. W. Jackson* and *James E. Smith*, both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: A petition for rehearing, based on assertion and innuendo not borne out by the record, requires a word or two to prevent confusion in the district court.

The original petition, the amended petition, and the second amended petition, each contained proper allegations of ownership of stock by plaintiff, and refusal of defendants to recognize plaintiff as a stockholder and to issue to him a certificate of stock. Each petition concluded with a prayer by plaintiff—

"That his right and title to the said fifty shares of stock in the defendant, the Bankers Mortgage Company, be confirmed, and that he be adjudged to be entitled to all the rights and privileges of a stockholder therein."

The petition and the amended petition contained charges of corporate mismanagement and prayer for proper relief. These charges were dropped from the second amended petition. Plaintiff could press them or not press them, as he chose, and dropping them had no effect on the cause of action to secure recognition of plaintiff as a stockholder.

In the petition and amended petition plaintiff did not account for the original certificate, and on motion of defendants he was required to do so. The Gladys Smith story was then told in the second amended petition. The nature of the cause of action was not changed in any particular.

In this court defendants first contended the cause of action had become one for rescission. That contention was dealt with in the original opinion. Now defendants say the entire theory of the case

has been changed, and they shift to fraud as the basis of the cause of action. There is no more foundation for that position than there was for the position that the action was one for rescission. The cause of action is just what it was from the beginning, wrongful denial of plaintiff's rights as a stockholder.

The petition for rehearing is denied.